## UNITED STATES v. CHAKRABERTY et al.

### SAME v. GUPTA.

### (District Court, S. D. New York. May 7, 1917.)

### No. 77.

1. NEUTRALITY LAWS ☜3—OFFENSES—MILITARY EXPEDITION.

Under U. S. Cr. Code, § 13 (Act March 4, 1909, c. 321, 35 Stat. 1090 [Comp. St. 1916, § 10177]), making it a crime for any one within the territory or jurisdiction of the United States to begin or set on foot, or provide or prepare the means for, any military expedition or enterprise to be carried on from thence against the territory or dominion of any foreign prince or state, or of any colony or district with whom the United States is at peace, the organization of an expedition of the prohibited character constitutes a violation of the act, and it is unnecessary that the expedition should have actually set out or should consist of any particular number of men.

2. NEUTRALITY LAWS ☜5—OFFENSES—INDICTMENTS.

Indictments charging that defendants feloniously began preparations for and set on foot a military enterprise to be carried on from the United States against the territory and dominions of the British Empire, a foreign nation with whom the United States was at peace, alleged that Germany was at war with Great Britain; that, for the purpose of aiding and assisting in carrying on the military operations of the German forces, it was desirable that in the colonies and territories of Great Britain there should be unrest, revolt, and rebellion; and that, for the purpose of provoking mutiny and unrest in India, defendants made preparations in the United States for the importation into India of arms and munitions, so that natives supplied with such arms and munitions might rise against British rule, and thus necessitate the use of troops in that portion which might otherwise be used against the German empire, etc. Held, that as the statute is violated if the act is one which can fairly be considered as an accompaniment of military operations so intimately connected with them that it forms a natural part of such operations, the indictments charged a violation of U. S. Cr. Code, § 13, even though the preparations in the United States anticipated a journey to another land by defendants.

Chandra Chakraberty, alias Chandra Chakrebarty, and others were indicted for a violation of Criminal Code, § 13, as was Hermeba L. Gupta. On demurrers to indictments. Demurrers overruled.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. Snowden Marshall, U. S. Atty., of New York City, for the United States.

Crim & Wemple, of New York City, for defendants.

MANTON, District Judge. This is an indictment charging a violation of section 13 of the United States Criminal Code. It accuses defendants that on the 1st day of July, 1915, and continuously thereafter, including the 5th day of March, 1917, within the Southern district of New York and the jurisdiction of this court, "did willfully, knowingly, unlawfully, and feloniously begin and set on foot, and provide and prepare the means for, a certain military enterprise, to be carried on from within the territory and jurisdiction of the United States, and against the territory and dominions of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India, a foreign prince with whom the United States of America, at all the times herein mentioned, have been and now are at peace." The accusation further charges "that the Emperor of Germany was at war with the King of the United Kingdom of Great Britain and Ireland and the Emperor of India, as the defendants and each of them well knew." That the defendants and each of them, "for the purpose of aiding and assisting in carrying on the military operations by land and sea of the forces of the Empire of Germany, it being desirable and necessary that in the colonies and territories of the King of the United Kingdom of Great Britain and Ireland the Emperor of India, that there should be unrest, revolt, revolution, and mutiny among the citizens and natives in the various provinces and dominions and other portions of the territory of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India, and particularly in India, to the end that in such provinces and dominions and other portions of the territory of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India the unrest, revolt, revolution, and mutiny upon the part of the natives and inhabitants thereof should require that there be stationed and be on duty in, at, and about the places of such unrest, revolts, revolutions and mutinies large numbers of trustworthy and loyal troops and soldiers, who, were it not for such unrest, revolts, revolutions, and mutinies, would be released for service in the interests of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India, at various points in Europe, Egypt, and other places where the troops of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India were in contact with troops of the Emperor of Germany or his allies, and that by reason of the service of such troops and soldiers at the places of such unrest, revolts, rebellions, and mutinies, in the provinces and territories of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India against the troops and forces of the Emperor of Germany and his allies, and that by reason of such unrest, revolts, rebellions, and mutinies, the rule of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India would in some of his dominions and provinces be overthrown, to the great injury and detriment of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India"; and it is

further charged "that within the Southern district of New York the defendants did begin and set on foot a military enterprise to be carried on from within the territory of the United States, to wit, the Southern district of New York, that is to say, to send against the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India certain persons who would be engaged in importing into India large quantities of arms and munitions of war which were to be supplied to the natives of India, among whom there was unrest and dissatisfaction at the rule of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India, for the purpose of enabling them to rise against the said rule and overthrow the military and civil dominition of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India." As a part of the plan and purposes of the defendants, it is charged "that certain natives, being so supplied with arms and munitions of war, should rise in open rebellion, and that for the suppression thereof it would be necessary that the King of the United Kingdom of Great Britain and Ireland and the Emperor of India to send against said rebels and mutineers large numbers of Indian native troops, who, upon coming in contact with the rebellious elements among the natives of India, would themselves revolt against English rule, and they, together with the rebels and mutineers, would outnumber and be superior in strength to the troops and soldiers of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India who would remain loyal and true to their King and Emperor." And it is further charged "that Chandra Chakraberty did go from the Southern district of New York, and from within the jurisdiction of this court, to Berlin, in the Empire of Germany, and did then and there have a conference with certain officials of the German Empire and members of the Indian Nationalist Party, and in making said trip from the city of New York to the city of Berlin the said Chakraberty did sail under the name of Reza Bager, and did pretend to be a Persian merchant, and in the city of Berlin did obtain and acquire information relating to said military enterprise, the exact nature and character of which was unknown to the grand jurors"; and it is further charged "that, for the purpose of setting on foot said military enterprise and to effect the object thereof, Wolf von Igel, at and within the Southern district of New York, upon various dates within the period herein specified, did give and pay to the defendant Ernest Se Kunna sixty thousand dollars for transmission to the said Chandra Chakraberty for the purpose of accomplishing the details of said military enterprise." That, "in pursuance of and for the purpose of setting on foot the said military enterprise, and to effect the objects thereof, the defendant Chandra Chakraberty returned to the United States on or about the 2d of February, 1916, and did there confer at various times with the said defendant Se Kunna; and that further, in pursuance of the said purposes of setting on foot said military enterprise and to effect the object thereof, the said defendant Chakraberty, within the jurisdiction of this court, did pay to a Chinese person by the name of Chen a sum of money for the purpose of enabling the said Chinese person to go abroad to China for the purpose of aiding and assisting the importation into India of large quantities of arms

244 F.—19

and munitions to carry into effect the purposes and plans of the above-named defendants and each of them." It is further charged "that, in pursuance of this purpose of setting on foot said military enterprise and to effect the object thereof, the defendant Chakraberty, within the jurisdiction of this court, did make arrangements with one Tarak Nath Das that he should go to China, and there engage in certain activities relating to the carrying on of said military purposes, all of which it is charged is a violation of section 13 of the United States Criminal Code."

This indictment is demurred to on the ground that it is insufficient in law and does not constitute an offense against the United States.

An indictment has been found against the defendant Gupta, to which he has demurred, and both indictments may be treated together in this memorandum.

It is charged against Gupta, together with Franz von Papen (not indicted), "that he did, within the Southern district of New York, willfully, knowingly, unlawfully, and feloniously begin and set on foot and provide and prepare the means for certain military enterprise to be carried on from within the territory and jurisdiction of the United States, and against the territory and dominions of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India, a foreign prince with whom the United States of America at all the times mentioned has been and now are at peace." It is further charged in the indictment "that the Emperor of Germany was at war with the King of the United Kingdom of Great Britain and Ireland and the Emperor of India, as the defendant well knew, and that for the purpose of doing and assisting and carrying on the military operations by land and sea of the forces of the Emperor of Germany it was desirable and necessary that in the colonies and territory of the King of the United Kingdom of Great Britain and Ireland the Emperor of India there should be unrest, revolt, rebellion, and mutiny among the citizens and natives in the various provinces and dominions and other portions of the territory of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India, and particularly in India, to the end that in such provinces and dominions and other portions of said territory of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India the unrest, revolts, rebellions, and mutinies upon the part of the natives and inhabitants thereof should require that there be stationed and be on duty, in and about the places of such unrest, revolts, rebellions, and mutinies, large numbers of trustworthy and loyal troops and soldiers who, were it not for such unrest, revolts, rebellions, and mutinies, should be released for service in the interests of said King of the United Kingdom of Great Britain and Ireland and the Emperor of India, at various points in Europe and other places where the troops of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India were in contact with the troops of the Emperor of Germany or his allies"; and "that by reason of such troops and soldiers at the place of such unrest, revolts, rebellions, and mutinies in the provinces and territories of the King of the United

Kingdom of Great Britain and Ireland and the Emperor of India would lessen the strength and force of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India against the troops and forces of the Emperor of Germany and his allies, and by reason of such unrest, revolts, rebellions, and mutinies the rule of the King of the United Kingdom of Great Britain and Ireland and the Emperor of India would, in some of his dominions and provinces, be overthrown to the great injury and detriment of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India"; and it is further charged "that within the jurisdiction of this court the defendant Gupta, together with Franz von Papen, willfully, knowingly, unlawfully, and feloniously did begin and set on foot a military enterprise to be carried on from within the territory of the United States, to wit, the Southern district of New York, to send against the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India certain persons who would be engaged in importing into India large quantities of arms and munitions of war, which were to be supplied to the natives of India, among whom there was unrest and dissatisfaction at the rule of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India, for the purpose of enabling them to rise against the said rule and overthrow the military and civil domination of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India, and that as a part of the plan and purpose of the said defendant, together with Franz von Papen, that certain natives, being so supplied with arms and munitions of war, should rise in open rebellion, and that for the suppression thereof it be necessary for the King of the United Kingdom of Great Britain and Ireland and the Emperor of India to send against said rebels and mutineers large numbers of Indian native troops, who, upon coming in contact with the said rebellious elements of the natives of India, would themselves revolt against English rule, and they, together with the rebels and mutineers, would outnumber and be superior to the troops and soldiers of the said King of the United Kingdom of Great Britain and Ireland and the Emperor of India who were stationed in India and would remain true to their King and Emperor. And in pursuance of and for the purpose of setting on foot said military enterprise, and to effect the object thereof, the said defendant Gupta, at the Southern district of New York and within the jurisdiction of this court, upon various dates, within the period hereinbefore specified, did receive from Franz von Papen fourteen thousand dollars, and in pursuance of and for the purpose of setting on foot said military enterprise, and to effect the object thereof, the said Gupta on the 28th of August, 1915, did start from the state of New York, Southern district of New York, to go to Japan, for the purpose of there having conferences with certain persons whom it was arranged he should meet, to make further plans for the importation into India of large quantities of arms and munitions, all of which it is charged is a violation of section 13 of the United States Criminal Code."

To this indictment the defendant has demurred on the ground that

the matters therein stated are insufficient in law and do not constitute an offense against this statute.

[1, 2] This statute was recently considered by Judge Wolverton, sitting in this district, and Judge A. N. Hand, the former in United States v. Tauscher (D. C.) 233 Fed. 597, and the latter in the case of United States v. Sander et al. (D. C.) 241 Fed. 417. The test applied by Judge Wolverton in the Tauscher Case was adopted by Judge A. N. Hand, and should be followed here. It is: "Was the act one which can fairly be considered as an accompaniment of military operations, so intimately connected with them that it forms a natural, if not inevitable, part of such operations? And were the person or persons engaged in it such persons as are reasonably to be regarded as part of a military or warlike enterprise?" As Judge Hand stated, "What is the substantial character of the act?"

Section 13 makes it a crime for any one, within the territory or jurisdiction of the United States, to begin or set on foot, or provide or prepare, the means for any military expedition or enterprise to be carried on from thence against the territory or dominion of any foreign prince or state, or of any colony, district, or people, with whom the United States are at peace.

The acts charged against the defendants in each indictment directly charges them with beginning or setting on foot and preparing the means for a military expedition or enterprise against the King of the United Kingdom of Great Britain and Ireland and the Emperor of India. It has been held that this section does not require that the expedition should have actually set out or any particular number of men, the crime being completed by the organization only. United States v. Ybanez (C. C.) 53 Fed. 536.

It is sufficient to charge in the indictment that the defendants, by an act the character of which is of a warlike nature, inaugurated and set on foot an enterprise for the furtherance of a military or warlike purpose against a kingdom or country with which the United States are at peace. With a state of war existing between the Empire of Germany and the United Kingdom of Great Britain and Ireland and the Empire of India, acts on the part of each of the defendants, prepared or begun in this country, even though it anticipated a journey to another land by the defendants, which had for its purpose the creating of unrest, revolt, rebellions, and mutinies among the troops and inhabitants of India, with the sole view of war or military purposes against the ruling power of that province, is a sufficient charge to bring it within the inhibition of the statute. Preparations for, and setting on foot means of, importing into India large quantities of arms and munitions of war to be supplied to the natives of India and the acceptance of money for this purpose, is a sufficient charge, if true, to charge a crime within section 13.

It was said in United States v. Hart (D. C.) 78 Fed. 868, that the section creates two offenses: First, the setting on foot, within this country, of a military expedition; and, second, providing the means therefor, such as transportation.

Individuals, as well as a number of persons, may assist in providing the means for a military expedition, to wit, the preparing for the shipment of arms and munitions of war, so as to commit a crime within the meaning of section 13.

I think both the indictments are sufficient in their statement of wrongs committed to charge a crime, and that the demurrers to the indictments should be overruled.